780 So.2d 1253 (2001)
AETNA CASUALTY AND SURETY COMPANY and National Council on Compensation Insurance, Inc. and Workers Compensation Reinsurance Pool
v.
STEWART CONSTRUCTION COMPANY, INC.
No. 00-CA-1332.
Court of Appeal of Louisiana, Fifth Circuit.
February 28, 2001.
Rehearing Denied March 26, 2001.
*1255 Tracy P. Curtis, Lafayette, Counsel for plaintiff-appellant.
Thomas J. Barbera, Montgomery, Pickren and Barbera, L.L.C., New Orleans, Jack M. Capella, The Capella Law Firm, Metairie, Counsels for defendant-appellee.
Court composed of Judges SOL GOTHARD, JAMES L. CANNELLA, and H. CHARLES GAUDIN, Pro Tempore.
H. CHARLES GAUDIN, Judge Pro Tempore.
Aetna Casualty and Surety Company ("Aetna"), National Council on Compensation Insurance ("NCCI"), and National Workers Compensation Reinsurance Pool ("National Pool") appeal a judgment dismissing its action against Stewart Construction Company ("Stewart"), a Louisiana company on an exception of prescription. We affirm.
Aetna et al filed suit against Stewart, alleging that they suffered damages as a result of misstatements made by Stewart on its application for Worker's Compensation Insurance.
This case involves the worker's compensation reinsurance pool as it existed prior to the creation of the Louisiana Workers' Compensation Corporation in La. R.S.23:1393 et seq. At that time, all licensed carriers participated in a residual insurance mechanism or involuntary market designed to provide insurance for those employers who were unable to obtain worker's compensation coverage on a voluntary basis. This involuntary market was referred to as the "Assigned Risk Plan."
The National Council on Compensation Insurance (NCCI) administered this involuntary market, known as the "Louisiana Worker's Compensation Insurance Plan." The Louisiana Plan employed a loss-spreading mechanism referred to as the National Pool in which certain participating insurers are "servicing carriers", performing the general functions of a voluntary carrier, such as collecting premiums and serving claims, for the employers assigned to it. Aetna was such a servicing carrier.
Under the plan, an eligible employer submitted a written application to NCCI to apply for coverage. According to the petition, the application required the employer to accurately report the nature of its business activities, the number of employees on its payroll, the amount of its payroll, and other facts. Upon receipt of the application and accompanying deposit, NCCI issued a written insurance binder to the employer designating a servicing carrier and forwarding same to that carrier, which then issued a policy. Aetna was assigned to insure Stewart.
The petition filed by Aetna asserts that a policy was issued to Stewart for a policy period of April 1, 1989-April 1, 1990 and was renewed for the next two years. With regard to the defendant, the petition further states that Stewart had a duty to accurately complete and submit in good faith its application as required by the Plan; that Stewart breached these contracts by failing to provide such accurate information, under reporting its payroll, misstating its employee classifications, and failing to allow Aetna to audit its records. Aetna claims that Stewart would have been charged a larger premium had it properly reported the information. Aetna generally claimed damages and prayed for such in an amount to be determined after an audit was performed.
*1256 The petition was filed on December 29, 1994, with a notation to withhold service. The petition was not served until early 1998. Peremptory exceptions of no cause and no right of action were filed and heard in August, 1998, at which time the matter was taken under advisement. On February 22, 1999, the trial court issued a judgment informing the parties that the record had been misplaced and based on the passage of time, a new trial on the exceptions was ordered. The court ruled that a right of action had been set forth, but did not find sufficient information to determine the status of the parties on the no cause of action, referring it to the merits of the case.
Stewart filed a motion for new trial and an exception of prescription. The prescription issue was heard and taken under advisement; subsequently, the court granted the motion for new trial, deferring a ruling on the prescription issue pending the new trial. The exceptions of no cause and no right of action were reargued in February, 2000 and taken under advisement. Subsequently the trial court granted the exception of prescription, finding the other matters to be moot. It is from this judgment that plaintiffs appeal.
Aetna contends that the petition in question states a cause of action in contract, not merely in tort, and that the contract claim has clearly not prescribed. In its reasons for judgment, the trial court stated that the action sought by the plaintiffs is based upon allegations of misrepresentations and is therefore a claim arising ex delicto subject to the prescriptive period of one year in La. Civil Code art. 3492. We agree with this determination.
Although the petition concludes that Stewart breached its contracts, it is clear from reading the petition that the action complained of is an alleged misrepresentation of facts on the application form for the policy. Aetna contends in brief that reference to the policy and the information page issued by NCCI on file with the State clearly indicates the application is a part of the policy. Neither the policy nor the application was introduced into evidence in any of the hearings, nor were they filed into the appellate record.
Whether the application is part of the insurance contract is determined by the parties' intent as reflected by the words in the policy. Peterson v. Schimek, 98-1712, (La.3/2/99) 729 So.2d 1024. An application may become part of the insurance contract if sufficiently attached to or incorporated in the policy; however, the intent to make the application part of the insurance contract must be clearly expressed on the face of the policy. Peterson, supra. By failing to clearly express an intention to make the applications a part of the contract, the effect is that the applications and their representations have no contractual force and are not considered part of the contract. Peterson, supra.
The allegations in the petition complain of actions by Stewart which allegedly occurred prior to formation of the policy. Because the application has not been shown to be part of the policy, the application has no contractual force and cannot be considered part of the contract. We agree with the trial court that the action before us is one of negligent misrepresentation and that the applicable prescriptive period is one year as stated in La. Civil Code art. 3492.
To decide whether the action was timely, it is first necessary to determine when liberative prescription began to run. Under article 3492, prescription in actions arising ex delicto commences on the day actual and appreciable damage is sustained. The doctrine of contra non valentum prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff. Cole v. Celotex Corp., 620 So.2d 1154 (La.1993); Smith v. Mine Safety Appliances, 93-706 (La.App. 5th Cir.1/25/94), 631 So.2d 1251, writ denied 94-0965 (La.6/17/94) 638 So.2d 1094. Damage is considered to have been sustained, within *1257 the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Id.
The damage need not be calculable or fully incurred but must not be merely speculative. National Council on Compensation Ins. v. Quixx Temporary Services, Inc., 95-0725 (La.App. 4th Cir.11/16/95), 665 So.2d 120. The court in that case considered nearly identical facts as those in the present matter and analyzed the prescription issue:
"According to appellants, as a result of misrepresentations made on applications for worker's compensation insurance, they issued polices for substantially reduced premiums. Therefore, they sustained actual and appreciable damage when the policies were issued and the first premium was accepted. This damage, although undetermined, was neither speculative nor contingent upon a subsequent event..."
The heart of the inquiry into constructive knowledge is the reasonableness of plaintiff's inaction. Id. We concur with this analysis. The cause of action in the present matter arose when the first policy was issued in 1989. The record indicates that Aetna cancelled the policy with Stewart in 1991 alleging misrepresentation of payroll information. Thus, as of sometime in 1991, Aetna was aware that Stewart may have made certain misrepresentations on its application, which shows constructive knowledge sufficient to support the accrual of a cause of action. Hence the petition filed in the 24th Judicial District Court in 1994 was untimely.
Aetna states in brief that it originally filed this lawsuit in Federal Court in September of 1993, which action was dismissed for lack of subject matter jurisdiction. Appellants now contend that this lawsuit interrupted prescription. Evidence of such a federal action is not in the record on appeal; also, this point was not raised in the trial court. Further we note that the lawsuit in question, if filed in September of 1993, was untimely. We cannot consider it now.
Aetna finally argues that the trial court erred in failing to grant it leave to amend the suit. La.Code Civil Pro. art. 934 states that the court sustaining a peremptory emptory exception shall allow an amendment when the grounds of the objection can be removed; if the grounds cannot be removed, the action shall be dismissed. In the present case plaintiffs failed to set forth grounds sufficient to overcome the peremptory exception raising the objection of prescription.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription unless the petition reveals prima facie that the claim has prescribed. Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La.1993). However, once it is shown at the trial of the exception that more than one year has elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove a suspension of prescription due to his lack of knowledge of the tortious act. Intracoastal Seafood Co., Inc. v. Scott, 556 So.2d 974 (La.App. 3d Cir.1990) and Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir.1982).
Dixon v. Louisiana State University Medical Center, 33-036 (La.App. 2nd Cir.1/26/00), 750 So.2d 408, writ denied XXXX-XXXX (La.4/20/00) 760 So.2d 350.
In this case Aetna failed to carry its burden of proving the suit was not prescribed. For the foregoing reasons the judgment dismissing the plaintiffs' action is affirmed. Consequently, we need not consider plaintiffs' arguments relative to the exceptions of no cause and no right of action. Appellants are taxed with all costs of this appeal.
AFFIRMED.