858 So.2d 527 (2003)
Kirby J. KLEIN, Carolyn Klein Hail, and the Estate of Philip B. Klein
v.
AMERICAN LIFE & CASUALTY COMPANY, American Estate Services, Inc. a/k/a Advanced Legal Systems, Inc., Brian E. Causey, Ronnie Planchard, and Addison Insurance Marketing, Inc.
No. 2001 CA 2336.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Writ Denied November 7, 2003.
*529 James F. Willeford, New Orleans, Marian Livaudais, Mandeville, for Appellants Plaintiffs Kirby J. Klein and Carolyn Klein Hail.
Christine Lipsey, Baton Rouge, for Appellee Defendant American Life & Casualty Ins. Co.
David C. Forrester, Baton Rouge, Melissa J. Richard, for Appellees Defendants American Estate Services, Inc. and Addison Ins. Marketing, Inc.
Panel composed of Judges FRANK FOIL, PAGE McCLENDON and WILLIAM F. KLINE, Jr.[*]
FOIL, J.
The heirs of an annuity buyer appeal from a judgment dismissing their claims against a life insurance company, an insurance marketing corporation, and an estate planning corporation. We affirm in part, reverse in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
In May 1995, Philip Klein, 85 years old, contracted with American Estate Services, Inc. (AES) for estate planning services, including the execution of a will, a living will, a power of attorney, and a living trust. Mr. Klein met with Mr. Brian Causey, an AES agent, several times. In addition to being an AES agent, Mr. Causey was also a licensed insurance agent of Addison Insurance Marketing, Inc. (AIM), a company that marketed annuities for insurance companies. Upon Mr. Causey's recommendation, Mr. Klein sold substantial stock assets to place over $840,000.00 in two annuities from American Life and Casualty Insurance Company (ALCIC). Mr. Klein's children, Kirby Klein and Carolyn Hail, met Mr. Causey and knew their father was engaged in estate planning.
In early 1996, Mr. Klein received tax documents showing he owed substantial taxes (approximately $38,000.00) on capital gains he received from the sale of the stock in 1995. He contacted Kirby and Carolyn to help him prepare his 1995 tax return. At that time, Kirby and Carolyn learned their father had sold his stock assets to purchase the ALCIC annuities. Mr. Klein moved into an assisted living facility in January 1998. In August 1998, Kirby found the ALCIC annuity contracts among his father's paperwork, reviewed them, and felt something "was amiss." He took them to an attorney who reviewed them and told him they were "not good estate planning" for someone in Mr. Klein's position. Mr. Klein died in September 1998.
On March 29, 1999, Kirby and Carolyn filed suit against AES, ALCIC, and Mr. Causey. The plaintiffs amended the petition *530 multiple times, adding the estate of Mr. Klein as a plaintiff, adding AIM as a defendant, and more specifically alleging the damages claimed. Their theories of recovery were: (1) defendants breached their contractual and fiduciary duties to plaintiffs and committed unfair trade practices under insurance law by advising Mr. Klein to purchase an unnecessary living trust and to liquidate his good investments to buy the ALCIC annuities; (2) defendants breached their duties by providing estate planning services that only generated fees and commissions that benefited themselves rather than benefiting Mr. Klein; (3) defendants negligently provided improper and defective estate planning services; and (4) ALCIC failed to properly supervise Mr. Causey, because it knew he was selling its annuities through the marketing of living trusts.
AES, ALCIC, AIM, and Mr. Causey answered the petition. AES, ALCIC, and AIM later filed exceptions of no cause of action as to plaintiffs' breach of fiduciary duty and unfair insurance trade practices claims, prescription as to plaintiffs' negligence and contract claims, and peremption under La. R.S. 9:5606 as to all of their claims. The plaintiffs opposed the exceptions and filed a petition captioned "Third Amended and Supplemental Petition," adding allegations of fraud, as well as violations of La. R.S. 22:1214 (unfair financial planning practices), La. R.S. 22:1220 (insurer's duty of good faith and fair dealing), and RICO (18 U.S.C. § 1662). On ALCIC's motion, the trial court later vacated the order that allowed the plaintiffs to file the "Third Amended and Supplemental Petition."
The trial court held a hearing on the exceptions, and on July 27, 2001, signed a judgment granting them, and dismissing the plaintiffs' claims against AES, ALCIC, and AIM. The plaintiffs challenge that judgment in the present appeal.[1] On June 28, 2002, the trial court signed a second judgment dismissing the plaintiffs' claims against Mr. Causey on the grounds of prescription and/or peremption for the same reasons rendered with the July 27th judgment. The plaintiffs appeal that judgment under Docket Number 2002 CA 1946,[2] also decided this date.

LOUISIANA REVISED STATUTE 9:5606
No action for damages against any insurance agent, broker, solicitor, or other similar licensee in Louisiana, whether based in tort, breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect was discovered or should have been discovered. La. R.S. 9:5606(A). Even as to actions filed within one year from the date of discovery, in all events, such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. Id. The one-year and three-year periods of limitation provided in La. R.S. 9:5606(A) are peremptive and may not be renounced, interrupted, or suspended. La. R.S. 9:5606(D).
The plaintiffs contend the trial court erred in applying La. R.S. 9:5606, because *531 their claims involve an "engagement to provide estate planning services," not "insurance services," as is provided by the statute. Mr. Klein initially did seek assistance with estate planning; but, he ultimately bought annuities that, under La. R.S. 22:6(17), are classified as a form of insurance.[3] The plaintiffs' claims are based on Mr. Klein's purchase of the annuities. Thus, their claims arise from an "engagement to provide insurance services" and fall within the purview of La. R.S. 9:5606.
The plaintiffs next contend La. R.S. 9:5606 does not apply to their claims against ALCIC, an insurance company, because the statute's peremptive periods only apply to "any insurance agent, broker, solicitor, or other similar licensee." Because the acts of an insurance agent are generally imputable to the insurer he represents, we conclude La. R.S. 9:5606's peremptive periods apply to the claims against ALCIC under the facts of this case.
The plaintiffs finally contend La. R.S. 9:5606 does not apply to their claims because the statute's peremptive periods do not apply in cases of fraud. According to plaintiffs, they have alleged sufficient facts to establish the defendants' participation in a fraudulent scheme to sell annuities under the guise of marketing estate planning services. This argument is intertwined with the plaintiffs' argument that the trial court erred in refusing to allow them to amend their petition and is addressed as follows.

AMENDMENT OF THE PETITION
The plaintiffs contend the trial court should have allowed them the opportunity to amend their petition to allege fraud because the peremptive periods in La. R.S. 9:5606(A) do not apply in cases of fraud.
The law takes a liberal approach toward allowing amended pleadings in order to promote the interests of justice. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1299. Generally, the decision to allow amendment after an answer has been filed is within the sound discretion of the trial court. Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries, 95-0484 (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 527, writ denied, 96-0415 (La.3/29/96), 670 So.2d 1233. However, if new allegations raise the possibility that a claim is not perempted, even if the ultimate outcome of the peremption issue, once the petition is amended, is uncertain, then opportunity to amend should be allowed. Reeder v. North, 701 So.2d at 1299.
The "Third Amended and Supplemental Petition" contains allegations that defendants Causey, AIM, and AES fraudulently participated in a "bait and switch" scheme whereby they held themselves out as estate planners, when in fact they were actually marketing the sale of annuities to unsuspecting elderly clients, without regard for the appropriateness of such an investment. It is also alleged that ALCIC was aware of and approved the "bait and switch marketing tactics" of Causey, AIM, and AES.
Under La. R.S. 9:5606(C), the peremptive periods of La. R.S. 9:5606(A) shall not apply in cases of fraud.[4] Fraud *532 is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art.1953. The plaintiffs' "bait and switch" allegations fit the definition of fraud and raise the possibility their claims may not be perempted by La. R.S. 9:5606(A). When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. Thus, the trial court abused its discretion by refusing to allow the plaintiffs to amend their petition. We will remand this case to allow the plaintiffs to do so.

PRESCRIPTION OF NEGLIGENCE CLAIMS
The plaintiffs contend the trial court erred in dismissing their negligence claims as prescribed. A tort claim is subject to liberative prescription of one year, which begins to run from the day injury or damage is sustained. La. C.C. art. 3492. Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Cole v. Celotex Corporation, 620 So.2d 1154, 1156 (La.1993). The doctrine of contra non valentem suspends prescription where a cause of action is not known or reasonably knowable by the plaintiff. In such a situation, prescription begins when the injured party obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510-511. Nevertheless, a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by the defendants' acts of negligence. See Id.
In oral reasons for judgment, the trial court found that both Kirby and Carolyn were aware in the spring of 1996 that Mr. Klein had purchased the annuities and had incurred substantial capital gains taxes because of his sale of stock. According to the trial court, the plaintiffs should have discovered their cause of action in April 1996 when they learned their father had purchased the annuities. We disagree.
Carolyn testified that she had no involvement in her father's financial affairs other than helping him calculate the capital gains taxes owed on his 1995 tax return. She knew her father had moved some of his assets into a trust and that he had purchased the annuities, but she did not fully understand what an annuity was and had never before bought or sold stock. Kirby testified that, in 1995, he knew his father had established a trust and placed some of his assets into it. It did not appear to Kirby that the trust did any harm to his father. Kirby first learned his father purchased the annuities in the spring of 1996 when his father asked him to help calculate the capital gains taxes he owed for 1995. He asked his father whether the estate planner had explained that the sale of stock would result in capital gains taxes and his father was unsure. It was not until August of 1998, when Kirby found the annuity contracts in a safe *533 deposit box, that he read them, discovered an alleged onerous surrender charge, thought something was "amiss," and consulted an attorney to review them.
After a thorough review of the record, we conclude the trial court erred in concluding Carolyn and Kirby had sufficient information in the spring of 1996 to know of their cause of action against the defendants. Their father's purchase of annuities as an estate planning tool was not a peculiar act. Further, his incurrence of capital gains taxes was a normal consequence of the sale of the stock. Mere knowledge of these facts would not indicate to a reasonable person that he or she is the victim of a tort. Further, any apprehension experienced by the plaintiffs because of the high capital gains taxes was insufficient to put them on notice that the defendants' acts may have caused them damage. The trial court erred in granting the defendants' exception of prescription.

UNFAIR FINANCIAL PLANNING PRACTICES
The plaintiffs contend the trial court erred in granting the defendants' exception of no cause of action as to their claim for unfair financial planning practices as defined by La. R.S. 22:1214(19).
Part XXVI of Title 22 of the Louisiana Revised Statutes, titled "Unfair Trade Practices," provides a detailed enforcement mechanism by which the Commissioner of Insurance is empowered to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business, to hold hearings, to issue cease and desist orders, to assess monetary penalties against violators, and to suspend or revoke the license of violators. See La. R.S. 22:1215, 1216, 1217 and 1217.1. No provision in this statutory scheme, however, creates a cause of action in favor of a person allegedly injured by unfair trade practices in the insurance business as set forth in La. R.S. 22:1214. Clausen v. Fidelity and Deposit Company of Maryland, 95-0504 (La.App. 1 Cir. 8/4/95), 660 So.2d 83, 86, writ denied, 95-2489 (La. 1/12/96), 666 So.2d 320.[5]
Plaintiffs next contend any violation of the Insurance Code (in this case, a violation of La. R.S. 22:1214(19)) gives rise to a cause of action under La. R.S. 22:1220, which imposes a duty of good faith and fair dealing upon insurers. Although La. R.S. 22:1220 provides a right of action to both insureds and third party claimants, only the commission of one of the specific acts enumerated in La. R.S. 22:1220(B) can support a private action for violation of the statute. Theriot v. Midland Risk Insurance Company, 95-2895 (La.5/20/97), 694 So.2d 184, 188. Thus, La. R.S. 22:1220 cannot be used to assert a private cause of action for a violation of La. R.S. 22:1214(19).
The trial court did not err in granting the defendants' exception of no cause of action as to plaintiffs' claims for unfair financial planning practices.

CONCLUSION
For the foregoing reasons, the district court's judgment is AFFIRMED IN PART, REVERSED IN PART, and REMANDED. It is AFFIRMED insofar as it dismisses plaintiffs' claims for unfair financial planning practices. It is REVERSED *534 insofar as it dismisses plaintiffs' claims on the grounds of peremption under La. R.S. 9:5606. It is REVERSED insofar as it dismisses plaintiffs' negligence claims on the grounds of prescription. This matter is REMANDED to the trial court for an order directing the plaintiffs to amend their petition within a specified time period and for further proceedings consistent with this opinion. Costs of the appeal are assessed equally to the plaintiffs and the defendants.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
NOTES
[*] Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] The plaintiffs have not appealed the trial court's dismissal of their claim for breach of fiduciary duty.
[2] The plaintiffs filed a motion to consolidate the appeals. This court denied the motion but ordered the appeals to be assigned to the same panel and to be placed on the same docket. Klein et al. v. American Life & Casualty Company et al., 2001 CA 2336, 2002 CA 1946 (La.App. 1 Cir. 3/21/03).
[3] An "annuity" is "[a] contract sold by insurance companies that pays an income benefit for the life of a person, for the lives of two or more persons, or for a specified period of time, or a contract that may provide for a series of payments to be made or received at regular intervals at the direction of the contract holder." La. R.S. 22:6(17).
[4] We note the jurisprudence is unsettled as to whether the fraud exception of La. R.S. 9:5606(C) applies to both the one and three year peremptive periods referenced in La. R.S. 5606(A). This court has noted that the fraud exception in the legal malpractice statute, La. R.S. 9:5605, is applicable to both. See Coffey v. Block, 99-1221 (La.App. 1 Cir. 6/23/00), 762 So.2d 1181, 1187, writ denied, 00-2226 (La. 10/27/00), 772 So.2d 651. We conclude a similar interpretation is applicable to La. R.S. 9:5606.
[5] Although plaintiffs argue the court in French Market Plaza Corporation v. Sequoia Insurance Company, 480 F.Supp. 821 (E.D.La.1979), found that a private right of action existed under the Insurance Code, this argument is incorrect. The French Market court found the plaintiffs there had a cause of action for negligent misrepresentation. 480 F.Supp. at 826.