945 So.2d 119 (2006)
Mehrunissa SHERMOHMAD
v.
Mersedeh EBRAHIMI (Busse) ABC Insurance Company, New York Life Insurance Company.
No. 06-CA-512.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*120 John-Michael Lawrence, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Maura Z. Pelleteri, Amy M. Seltzer, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
On September 26, 2003, Mehrunissa Shermohmad filed the instant petition for damages and nullification of life insurance policies against Mersedeh Ebrahimi, New York Life Insurance Company and ABC Insurance Company, Ebrahimi's insurer. In this petition, plaintiff alleged that due to false promises and material misrepresentations made with regard to the purchase of several life insurance policies by defendant Ebrahimi as agent for New York Life, plaintiff sustained monetary loss, certain expenses, legal fees and emotional damages. Plaintiff also sought nullification of the insurance policies as well as return of premiums paid.
In November of 2003, defendants removed the action to federal court based on diversity jurisdiction. Plaintiff subsequently moved for and was granted a remand of the action to the district court based on a lack of diversity.
New York Life filed an answer in federal court which was subsequently adopted in state court. Thereafter, New York Life filed a Motion for Summary Judgment on the basis that all of plaintiff's claims arising out of the sale of insurance policies by its former agent, Mersedeh Ebrahimi are perempted under La. R.S. 9:5606. Further, New York Life argued that plaintiff's allegations of fraud have also prescribed because they were not brought within the one year prescriptive period for delictual actions contained in La. C.C. art. 3492. Finally, New York Life argued that plaintiff has no cause of action for nullification of the contracts because the policies referred to in plaintiff's petition have lapsed.
By judgment rendered March 14, 2006, the trial court granted summary judgment in favor of New York Life dismissing the demands of plaintiff Mehrunissa Shermohmad with prejudice. Plaintiff now appeals from this judgment.[1]
*121 Plaintiff contends on appeal that the trial court erred in ruling that plaintiff's claims are perempted under La. R.S. 9:5606(A). La. R.S. 9:5606 governs actions against insurance agents and reads as follows:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
In plaintiff's petition which was filed in 2003, she alleges that she first purchased two whole life insurance policies from defendant in 1993 and 1994 based on the promise that premiums would only be owed for four years. Plaintiff states that she found out one year later in 1995 that this promise was not true. Both of these policies have now lapsed.
In 1997, plaintiff purchased two variable life insurance policies from defendant based on the promise that premiums would only be due for five years. Plaintiff stated that she learned in 1999 that the policies would not be completely paid in five years. In 2001 she discovered that she would need to pay for these policies for the rest of her life.
Based on plaintiff's own allegations in her petition, she was aware or should have been aware of defendant's wrongful acts as early as 1995 when she discovered that defendant's promise with regard to premiums was not true. She also states that she was aware in 1999 of defendant's false promises with regard to the additional purchase of policies. Thus, plaintiff was aware of her cause of action more than three years prior to the institution of her lawsuit, and her claims of false promises and material misrepresentation are perempted pursuant to the provisions of La. R.S. 9:5606.
However, pursuant to La. R.S. 9:5606(C), the peremptive periods of La. R.S. 9:5606(A) shall not apply in cases of fraud. Fraud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art. *122 1953. The plaintiff's "bait and switch" allegations fit the definition of fraud, and thus the statutory peremptive periods do not apply to this portion of plaintiff's claim. See, Klein v. American Life & Cas. Co., 01-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, writ denied, 03-2073 (La.11/7/03), 857 So.2d 497, writ denied, 03-2101 (La.11/7/03), 857 So.2d 499.
Plaintiff's claims of fraud are nevertheless subject to the liberative prescriptive period of one year applicable to delictual actions and contained in La. C.C. art. 3492. See, Aetna Cas. And Surety Co. v. Stewart Constr. Co., 00-1332 (La.App. 5 Cir. 2/28/01), 780 So.2d 1253, 1256. Prescription commences to run from the day injury or damage is sustained. Damage is sustained when the damage has "manifested itself with sufficient certainty to support accrual of a cause of action." Cole v. Celotex Corp., 93-90 (La.7/1/93), 620 So.2d 1154, 1156.
In the present case, prescription began to accrue in 1993 and 1994 upon delivery of the whole life policies and in 1997 upon delivery and receipt of the variable life policies. At the latest, plaintiff alleges in her petition that by 1995 and 1999, respectively, she knew of defendant's misrepresentations that she was obligated to make premium payments for more than four and five years. The record indicates that plaintiff met with attorneys in 1995 and again in 2000-2001 regarding this discovery and she also contacted New York Life regarding her complaints of false promises and material misrepresentations.
Although plaintiff argues that New York Life was conducting an investigation into this matter as late as February of 2003, this action would not interrupt the running of prescription in this case. Prescription begins to run from the day of injury or the manifestation of damage. In the present case, the record indicates that plaintiff was aware or should have been aware of the alleged damage in this case when she discovered in 1995 and later in 1999 that the promises made in the purchase of the life insurance policies were not true. Plaintiff's suit filed in 2003 was therefore not timely filed.
Likewise, there is insufficient evidence in the record that plaintiff's damages were the result of a continuing tort or that the last injury to plaintiff occurred within the prescriptive period for this delictual action. We fail to find support in plaintiff's claim that plaintiff's continual act of payment of insurance premiums amounted to an additional wrongful act by defendant. Under the circumstances presented here, we find that the claims raised in plaintiff's petition have prescribed as a matter of law. We therefore find the trial court ruling granting summary judgment on this issue is correct.
Plaintiff also contends that the trial court erred in ruling that plaintiff has no cause of action for nullification of the insurance contracts because the policies have lapsed. In support of her argument claiming nullification, plaintiff relies on La. C.C. art.2031, which provides in pertinent part:
A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.
However, the record in this case indicates that at the time this suit was filed, most of the policies had lapsed or had been satisfied. We also find insufficient evidence in the record indicating that the contracts are relatively null for the reasons set forth in this article. Further, the evidence presented indicates that plaintiff has continued to pay premiums on the policies after discovering the alleged wrongful acts, thus confirming any relative *123 nullity in the contracts. Under these circumstances, we find no error of the trial court in its ruling dismissing plaintiff's claim of nullification.
Lastly, plaintiff contends the trial court should have determined that defendant's motion for summary judgment was premature as plaintiff retained new counsel and discovery was incomplete. It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/94), 631 So.2d 401, 406; Oliva v. Winn-Dixie Louisiana, Inc., 99-831 (La.App. 5 Cir. 1/4/00), 756 So.2d 444, 448.
In the present case, new counsel for plaintiff enrolled on December 1, 2005 and defendant filed the motion for summary judgment on December 14, 2005. Hearing on the motion set for January 18, 2006 was continued at the request of plaintiff's counsel until February 15, 2006. Counsel for plaintiff did not move to continue this hearing date a second time, although he argued at the hearing that the motion should be denied for lack of complete discovery. As set forth herein, plaintiff's petition shows on its face that her claims have prescribed and the record fails to show that additional discovery could have altered this fact. We therefore fail to find that the motion for summary judgment was premature in this case.
Accordingly, for the reasons assigned here, the judgment of the trial court in favor of New York Life Insurance Company dismissing the claims of plaintiff is hereby affirmed.
AFFIRMED.
NOTES
[1] Plaintiff also appeals from a summary judgment rendered in favor of defendant Mersedeh Ebrahimi. However, the record in this matter fails to contain either a motion filed by Ms. Ebrahimi or a judgment rendered by the trial court in Ms. Ebrahimi's favor. On this basis, counsel for Ms. Ebrahimi filed a motion to dismiss plaintiff's appeal as to this defendant. On September 5, 2006, this Court ordered plaintiff to show cause in writing by