LILJEBERG, J.
h Plaintiff, Thomas C. Cerullo, appeals the trial court’s judgment granting exceptions of peremption and prescription filed by defendants, Aan P. Heisser, Ralph W. Savoie, Guardian Life Insurance Company of America (“Guardian”) and Savoie Financial Group, L.L.C. For the reasons stated more fully below, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Cerullo earned a large fee as an attorney after obtaining a favorable settlement for a client. Mr. Cerullo alleges that he approached Mr. Heisser and Mr. Savoie about investing the funds he earned in an annuity. He claims that instead of purchasing an annuity, defendants invested his funds in a whole life insurance policy issued by Guardian. Mr. Cerullo alleges that he paid a premium in the amount of $108,294.26, and defendants told him this was a one-time payment with no additional payments required to maintain the investment. However, near the end of following year, Mr. Cerullo received a statement from Guardian requesting payment of an *1234 other annual premium in excess of $100,000.
Mr. Cerullo does not provide dates for these events in his petition for damages. However, according to the evidence in the record, Mr. Cerullo signed an application for a life insurance policy on November 30, 2004. The application indicated that the proposed policy provided a death benefit of $2,522,588. Mr. Cerullo also signed a policy illustration on that same date which indicated annual premiums of $108,294.25 would be payable through the age of 99.
The policy was amended effective December 22, 2004, pursuant to an amendment to the application executed by Mr. Cerullo on December 27, 2004. The application indicated the policy’s death benefit increased to $2,608,924 and changed the Policy’s owner and beneficiary to the Thomas C. Cerullo ÁPLC Defined Benefit Plan. Mr. Cerullo also signed a policy illustration which again |2stated annual premiums of $108,294.26 would be payable until he reached the age of 99. The policy also provided that the annual premium is $108,294.25 and the annual premium is payable in years “1 THRU 41.”
In late 2005, Guardian transmitted an annual benefit statement to Mr. Cerullo which provided notice that the annual premium of $108,294.26 was due. The annual benefit statement also indicated that the policy’s premiums were “payable annually.” When Mr. Cerullo failed to remit the required premium due on December 15, 2015, Guardian sent a reminder advising that the policy’s premium was overdue.
Defendants further contend that prior to the termination of the policy in 2006, Mr. Cerullo met with Guardian’s general agent, Rick Villavasso, regarding options with respect to the policy and another annuity he purchased from Guardian.[1] Mr. Cerullo elected to reduce the annuity’s face amount to avoid additional payments, but allegedly rejected Mr. Villavasso’s suggestions with respect to the whole life policy. On April 14, 2006, Guardian transmitted a notice to Mr. Cerullo terminating the policy due to the failure to pay the annual premium.
In May 2006, Mr. Cerullo prepared a letter to Guardian requesting the return of his premium payment on the grounds that the funding requirements for the whole life policy were not adequately explained to him. Guardian contends that it did not receive this letter. Guardian also contends Mr. Cerullo continued to purchase insurance products from Mr. Heisser and Mr. Savoie, including the transfer of his Guardian annuity to ING with the assistance of Mr. Heisser in June 2006.
According to the evidence, nothing further occurred until June 23, 2011, when Mr. Cerullo sent a letter to Guardian requesting the return of his premium payment. He explained the whole life policy was sold to him with “serious Immaterial misrepresentations” and attached a copy of the annual benefit statement Guardian sent to him in late 2005. In response, Guardian sent a letter dated July 26, 2011, requesting more specific information regarding the misrepresentations. Mr. Cerul-lo responded in a letter to Guardian dated March 28, 2012, providing a more detailed explanation regarding Mr. Savoie’s and Mr. Heisser’s misrepresentations regarding the life insurance policy and again requested the return of his premium, which Guardian subsequently declined to return.
Almost three years later on March 9, 2015, Mr. Cerullo sued defendants for unfair trade practices, fraud, breach of fiduciary duty, and negligence based on misrepresentations in the sale of an insurance *1235 policy. Mr. Cerullo alleged that Mr. Heis-ser and Mr, Savoie knew he did not have the financial ability to sustain an ongoing obligation to pay an annual premium in excess of $100,000 to maintain the investment. He further alleged these defendants fraudulently represented the nature of the financial product and the ongoing requirement to pay annual premiums to avoid losing the investment.
In response to the petition, defendants filed exceptions of peremption, prescription, no cause of action and no right of action. On November 80, 2015, the trial court held an evidentiary hearing, and on the same day, the trial court granted the exceptions of peremption and prescription and denied the remaining exceptions as moot. Mr. Cerullo filed a timely notice for devolutive appeal, which the trial court granted on January 25,2016.
On October 25, 2016, this Court entered an order finding the trial court’s judgment lacked required decretal language because it merely stated that defendants’ exceptions were granted and failed to include language dismissing Mr. Cerullo’s claims against defendants. This Court invoked its supervisory jurisdiction and ordered the trial court to amend the judgment. The trial court entered an amended judgment on October 27, 2016, dismissing Mr. Cerullo’s |4claims against defendants for negligence, breach of fiduciary duty, and violation of the Louisiana Unfair Trade Practices Act.[2]
LAW AND DISCUSSION
In his first assignment of error, Mr. Cerullo argues the trial court erred by failing to recognize that fraud is an exception to the peremptive and prescriptive periods set forth in La. R..S. 9:5606(A).[3] As discussed more fully below, we do not find that the trial court failed to apply the fraud exception in its rulings.
The rules governing the burden of proof as to prescription also apply to peremption. Rondo v. Anco Insulations, Inc., 08-1163 c/w 08-1169 (La. 5/22/99), 16 So.3d 1065, 1082, . Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Id; Carter v. Haygood, 04-0646 (La. 1/19/05), 892 So.2d 1261, 1267. If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action is not prescribed. Lomont v. Myer-Bennett, 14-2483 (La. 6/30/15), 172 So.3d 620. However, when a plaintiffs petition does not contain specific dates for the conduct at issue, the petition is not prescribed on its face. See Perret v. Louisiana Dept. of Public Safety and Corr., 01-2837 (La.App. 1 Cir. 9/27/02), 835 So.2d 602, 605. In the instant matter, Mr. Cerullo did not allege specific dates in his petition. Therefore, the burden of proof remained with defendants.
At a hearing on a peremptory pleaded prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. When evidence is introduced and evaluated at a hearing on an exception of prescription or peremption, the district court’s findings of fact are reviewed under the manifest error standard. Herrera v. Gallegos, 13-204 (La. App. 5 Cir. 10/9/13), 128 So.3d 306, 309.
lfiThe relevant provisions of La. R.S. 9:5606 provide:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to *1236 provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
* * ⅜
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.[4]
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are per-emptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted or suspended.
Prior to addressing the fraud exception, Mr. Cerullo argues in his appellate brief for the first time on appeal that La. R.S. 9:5606 does not apply to his claims because he intended to purchase an annuity product as opposed to an insurance policy. We note the relevant applications and illustrations signed by Mr. Cerullo indicated they pertained to the purchase of a life insurance policy. Regardless, this Court does not consider contentions for the first time on appeal which were not raised and addressed with the trial court. Brown v. Cutbertu Almanza, 12-165 La.App. 5 Cir. 10/1/12, 102 So.3d 981, 983. Therefore, we will not address this argument further on appeal.[5]
Mr. Cerullo next argues that even if La. R.S. 9:5606 applies to his transactions with defendants, Section C contains an exemption for claims arising out of fraud. He further contends his fraud claim is subject to a ten-year prescriptive period. Defendants concede the peremptive periods set forth under La. R.S. 9:5606 do not apply to fraud claims, but contend Mr. Cerullo’s fraud claim is time-barred by the one-year prescriptive period set forth in La. C.C. art. 3492.
According to La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year and commence to run from the day injury or damage is sustained. This Court examined similar issues in Shermohmad v. Ebrahimi, 06-512 (La. App. 5 Cir. 10/31/06), 945 So.2d 119, and determined the plaintiffs fraud claims were subject to the one-year prescriptive period set forth in La. C.C. art. 3492.
In Shermohmad, supra, the plaintiff alleged that in 1993 and 1994, she purchased two whole life policies based on promises she would only owe premiums for four years. She learned in 1995 that this promise was false and the policies eventually lapsed. In 1997, the plaintiff also purchased two variable life insurance policies *1237 based on the promise she would only owe premiums for five years. In 1999, she learned the policies would not be completely paid within five years, and in 2001, she discovered she would owe premiums on these policies for the rest of her life. In 2003, the plaintiff filed suit alleging she sustained damages as a result of the defendant’s false promises and material misrepresentations regarding the purchase of the life insurance policies. Id. at 121.
|7On appeal, this Court noted the per-emptive periods in La. R.S. 9:5606 did not apply to the plaintiffs fraud claims. Id. at 122. This Court further determined that the fraud claims were subject to a one-year prescriptive period applicable to del-ictual actions set forth in La. C.C. art. 3492. Id. We noted that prescription began to accrue upon delivery of the policies to the plaintiff, and at the latest, the plaintiff knew of the defendant’s misrepresentations in 1995 and 1999. The plaintiff argued that the insurer continued to conduct an investigation into the matter as late as February 2003, but we found the investigation did not interrupt the prescriptive period. Id. As a result, this Court ruled that the plaintiffs lawsuit against her agent and the insurer filed more than a year after the discovery of her fraud claims in 1995 for the first set of policies, and in 1999 for the second set of policies, was prescribed. Id.; see also Bergeron v. Pan American Assurance Co., 98-2421 (La. App. 4 Cir. 4/7/99), 731 So.2d 1037 (applying one-year prescriptive period set forth in La. C.C. art. 3492 to fraud claims against agent for misrepresentation regarding the number of premium payments required for a life insurance policy).
In support of his argument to apply a ten-year prescriptive period, Mr. Cerullo cites to Ames v Okie, 11-1540 (La.App. 4 Cir. 5/23/12), 97 So.3d 386. In Ames, a financial planner employed by a bank was appointed as a trustee of his client’s account. The plaintiff alleged the financial planner mishandled funds from the trust, and fraudulently and knowingly represented to the clients that he did not receive any funds taken from the trust. The appellate court found that because the plaintiff alleged that a fiduciary engaged in intentional fraudulent conduct, the fraud claim was personal and subject to a ten-year prescriptive period.
We find the Ames case distinguishable because it involved claims against a trustee for the handling of trust assets, and unlike Shermohmad, supra, did not involve the sale of life insurance policies. Therefore, the one-year prescriptive [speriod set forth in La. C.C. art. 3492 applies and Mr. Cerullo’s fraud claims are time-barred as he admits he had knowledge of defendants’ alleged material misrepresentations in 2005. Mr. Cerullo’s fraud claims filed in 2015 were not timely.
We further find that even if a ten-year prescriptive period applied to Mr. Cerullo’s fraud claims, the evidence indicates Mr. Cerullo should have known of the alleged fraudulent misrepresentations more than ten years prior to filing suit. In December 2004, Mr. Cerullo, an attorney, signed applications and illustrations indicating he would owe premiums on the policies at issue through the age of 99. In addition, the policy disclosed this information. Mr. Cerullo did not file his petition until over ten years later on March 9, 2015. Therefore, we find even if a ten-year prescriptive period applied to Mr. Cerullo’s claims, they are time-barred.
Mr. Cerullo also argues that he maintains a claim for breach of fiduciary duty against defendants which is a personal action subject to a ten-year prescriptive period under La. C.C. art. 3499. However, La. R.S. 9:5606(C) does not create an exception to the peremptive periods for *1238 breach of fiduciary duty claims, only fraud claims. In support of his argument, Mr. Cerullo cites to Beckstrom v. Parnell, 97-1200 (La.App. 1 Cir. 5/15/98), 714 So.2d 188, on rehearing, 97-1200 (La.App. 1 Cir. 11/6/98), 730 So.2d 942. However, the case involved claims against stockbrokers for the sale of securities rather than the sale of an insurance policy, and thus did not involve the application of the peremptive periods set forth in La. R.S. 9:5606.
DECREE
Based on the foregoing, we affirm the trial court’s judgment which granted the exceptions of prescription and preemption filed by defendants and dismissed plaintiffs claims against them with prejudice.
AFFIRMED

. The annuity is not at issue in this appeal.

. This list includes all claims Mr. Cerullo alleged against defendants in his pleadings.

. Mr. Cerullo does not contest the dismissal of his claims for negligence and unfair trade practices pursuant to La. R.S. 9:5606.

. La. C.C. art. 1953 provides that "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.”

. We note other Louisiana state and federal courts have ruled claims stemming from the purchase of an annuity are subject to La. R.S. 9:5606. See Klein v. American Life & Cas. Co., 01-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, 531, writ denied, 03-2101 (La. 11/7/03), 857 So.2d 499; Mumford v. Jackson Nat'l Ins. Co., 06-1412 (La.App. 4 Cir. 11/7/07), 968 So.2d 357; Potier v. JBS Liberty Secs., Inc., 13-789, p. 11 (W.D. La. 5/7/15), 2015 WL 2185832, 2015 U.S. Dist. LEXIS 60189; see also La. R.S. 22:47(17) (classifying an annuity as a type of insurance).