STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-830

SUCCESSION OF ACHILLE BIJEAUX

VERSUS

MILDRED BOURQUE BROYLES, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20053771
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

Saunders, J., dissents.

AFFIRMED

David John Calogero
Davidson, Meaux, Sonnier, McElligott,
        Fontenot, Gideon & Edwards
P. O. Drawer 2908
Lafayette, LA 70502
(337) 237-1660
Counsel for Appellee:
David Anderson Alford
Stanford B. Gauthier, II

Stan Gauthier, II, APLC
Michael G. Johnston, II
Attorney at Law
1405 West Pinhook Rd, Ste 105
Lafayette, La 70503
(337) 234-0099
Counsel for Appellant:
Succession of Achille Bijeaux

James Patrick MacManus
Attorney at Law
P.O. Box 4708
Lafayette, LA 70502-4708
(337) 234-1720
Counsel for Appellee:
Mildred Bourque Broyles

Thomas A. Roberts
Larry E. Mobley
Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112
(504) 589-9700
Counsel for Appellees:
David Anderson Alford
Morgan, Stanley, Smith, Barney, LLC

G. Philip Shuler, III
H. Michael Bush
Kurt D. Duncan
Chaffe, McCall, LLP
1100 Poydras St., Suite 2300
New Orleans, LA 70162-2300
(504) 585-7000
Counsel for Appellee:
John Hancock Life Insurance(U.S.A.)

**GREMILLION, Judge.**

The Succession of Achille Bijeaux appeals the judgment dismissing its demands against John Hancock Life Insurance (U.S.A.) on summary judgment and against David A. Alford and Morgan Stanley Smith Barney, L.L.C. (Smith Barney) on exceptions of peremption. For the reasons that follow, we affirm.

**FACTS**

The Succession filed suit on July 21, 2005, against a number of defendants, alleging that in February and March, 1998, Mildred Broyles forged Achille Bijeaux's signatures on applications for two annuity contracts that named Broyles as beneficiary. It was also alleged that Alford acted as the agent of John Hancock (then known as Manufacturer's Life) and the employee of Smith Barney and that he completed the applications and assisted Broyles in the forgery. Broyles then allegedly converted Mr. Bijeaux's funds from two banks to pay the annuity contracts, again with Alford's assistance.

Mr. Bijeaux died in January 2003. Broyles allegedly filed benefits statements on the two annuities, again assisted by Alford, who submitted the claims to John Hancock, which John Hancock paid. The Succession demanded damages for the conversion of Mr. Bijeaux's funds from Broyles and the funds themselves from the remaining defendants.

Alford and Smith Barney filed exceptions of peremption, asserting that the claims against them were barred by La.R.S. 9:5606, which provides for a three-year peremptive period for claims for damages against insurance agents, brokers, solicitors, or other licensees, calculated from the date of the alleged act or omission. John Hancock filed a similar exception of peremption and a motion for summary judgment. The motion for summary judgment was based on John Hancock's contention that Alford was not its agent and it was not liable for any of his actions,

on the immunity from liability for paying the named beneficiary prior to notice of a dispute found in La.R.S. 22:877, and on peremption under La.R.S. 9:5606.

The Succession maintained that La.R.S. 9:5606 did not apply at all. Its argument was premised upon its contention that Bijeaux did not contract for insurance services, and as he did not so contract, there was no "engagement to provide insurance services," as required by the statute.

The exceptions and motion for summary judgment were heard on the same date. The trial court ruled in favor of Alford, Smith Barney, and John Hancock. This appeal followed.

## ASSIGNMENTS OF ERROR

The Succession assigns as errors the granting of the exceptions of peremption in favor of Alford and Smith Barney and the granting of John Hancock's motion for summary judgment.

## ANALYSIS

*The exceptions of peremption*

Louisiana Revised Statute 9:5606 provides (Emphasis added):

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. *The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.*

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

"Peremption" is defined as a period of time fixed by law for the existence of a right. La.Civ. Code art. 3458. Once a peremptive period tolls, the obligation sought to be enforced is extinguished. *Id.*

The Succession argues that section 5606 does not apply because this was not an engagement to provide insurance services. This was not an engagement to provide insurance services, the Succession argues, because its evidence would have demonstrated that Bijeaux did not consent to the engagement. The Succession also complains of the procedure employed by the trial court at the hearing on the exceptions.

The Succession moved that the exceptions be dismissed because Smith Barney and Alford had presented no evidence to demonstrate that there was an insuring agreement, as the annuities were not filed. Smith Barney then offered the depositions of Alford and Broyles, the Succession's petition, and a motion to traverse the detailed descriptive list filed in the succession proceedings. The Succession's counsel did not object to the introduction of these before the trial court admitted them. The trial court then maintained the exceptions without allowing the Succession to introduce evidence in opposition to the exceptions. That testimony was then proffered.

An exception of peremption is considered a peremptory exception. *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065. The party who files the exception bears the burden of proof, unless the matter is facially barred. *Id.* In the event that peremption is evident from the face of the pleadings, the burden of proof shifts to the plaintiff. *Id.* If evidence is introduced, the trial court's

3

conclusions are reviewed under the manifest error/clearly wrong standard. *Id.* Further, "[p]eremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains the enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Id.*, at 1083.

Here, the trial court ruled on the exception before allowing the Succession to offer testimony. This constituted legal error. Evidence is allowed on exceptions of peremption. *Id.* However, because the succession proffered evidence, and this court is constitutionally vested with jurisdiction to review findings of law and fact, we are required to render judgment on a complete record. La.Code Civ.P. art. 2164; *Gonzales v. Xerox Corp.*, 320 So.2d 163 (La.1975).

The Succession argues that this was not an engagement to provide insurance services because the evidence fails to demonstrate that Bijeaux consented to the purchase of the annuities. It claims that Alford's testimony, in which he asserted that Bijeaux told him in English that he wanted to name Broyles as the beneficiary, was in complete contrast to the testimonies of the other witnesses whose testimony was proffered. Because Bijeaux did not understand English, he could have neither consented to purchasing the annuities nor to naming Broyles the beneficiary.

We need not reach this issue. Alford's alleged acts occurred in 1998. The annuities were delivered to Achille Bijeaux. The annuities clearly identified Broyles as the beneficiary. It was incumbent upon Bijeaux to review the annuities and if he did not understand them, to make inquiries. His receipt of the policies represented constructive notice sufficient to commence the tolling of peremption. *Boes Iron Works, L.L.C. v. Galatas*, 07-336 (La.App. 5 Cir. 12/11/07), 974 So.2d 713; *Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds*, 04-1697 (La.App. 3 Cir. 5/4/05), 909 So.2d 619. Because the suit was filed more than three

4

years after the alleged act, omission, or neglect, it is barred by peremption. The fraud exception to La.R.S. 9:5606 only applies to the one-year peremptive period. *Boes Iron Works, L.L.C.*, 974 So.2d 713.

*The motion by John Hancock*

The provisions of La.R.S. 9:5606 apply equally to the situation of John Hancock as they do to that of Smith Barney and Alford. The suit was filed well after the preemptive period expired. Because the claim against John Hancock is preempted, we need not examine the other issues raised in its motion for summary judgment.

## CONCLUSION

The transactions involving the purchase of the annuities by Bijeaux are subject to the three-year preemptive period created in La.R.S. 9:5606. The judgment of the trial court dismissing the demands against David Alford, Smith Barney, and John Hancock are affirmed. All costs of this proceeding are taxed to appellant, the Succession of Achille Bijeaux.

**AFFIRMED.**