THERIOT, J.
1 ¡>The plaintiff, Laura E. Sibley, appeals the dismissal of her suit for peremption. Finding that La. R.S. 9:5606 is not applicable to the facts of this case, we reverse.
FACTS AND PROCEDURAL HISTORY
Laura Sibley applied for a policy of health insurance with Blue Cross Blue Shield of Louisiana (BCBS) through agent *1024 Ray Arthur[1] in June 2006. She obtained a health insurance policy from BCBS in July 2006 and began paying premiums and receiving medical services. On December 15, 2006, BCBS retroactively cancelled Ms. Sibley’s policy on the grounds that Ms. Sibley failed to disclose her pre-existing conditions in her application. Although Ms. Sibley contends that she verbally disclosed the pre-existing conditions via phone to Mr. Arthur when she applied for the policy, the conditions are not disclosed on the application for health insurance that Mr. Arthur prepared and submitted to BCBS.
Ms. Sibley filed a petition for breach of contract against BCBS on January 15, 2008, alleging that BCBS breached its contract with her by “wrongfully cancelling her insurance policy retroactively, since she had previously disclosed all information required to [BCBS’s] insurance agent in order to obtain this policy.” Ms. Sibley amended her petition on March 31, 2009 to add Mr. Arthur as a defendant, alleging that at the time of her application he was acting as an agent for BCBS, and as such, had a duty to provide all relevant information he received from Ms. Sibley to BCBS for her health insurance policy. Mr. Arthur filed an exception raising the objection of peremption alleging that Ms. Sib-ley’s claims were time barred under La. R.S. 9:5606, which provides that suits against an insurance agent 13must be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect, but in all events must be filed within three years from the date of the alleged act, omission, or neglect. The trial court sustained the exception and dismissed Ms. Sibley’s claims against Mr. Arthur with prejudice. This ruling has not been appealed.
BCBS subsequently filed an exception raising the objection of peremption. BCBS alleged that Ms. Sibley’s claims against it were also time barred under La. R.S. 9:5606. Although La. R.S. 9:5606 states that it applies to claims against “any insurance agent, broker, solicitor, or other similar licensee,” BCBS argued that the one-year and three-year peremptive periods provided by La. R.S. 9:5606 applied to Ms. Sibley’s claims against them because those claims are derivative of the claims against Mr. Arthur. The trial court agreed with BCBS that La. R.S. 9:5606 applied to Ms. Sibley’s claims against BCBS, and sustained BCBS’s exception of peremption and dismissed Ms. Sibley’s claims against BCBS with prejudice. Ms. Sibley appealed.
DISCUSSION
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period. La. C.C. art. 3458.
An exception of peremption is considered a peremptory exception. Rando v. Anco Insulations, Inc., 08-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082. The party who files the exception bears the burden of proof, unless the matter is facially barred. Id. In the event that per-emption is evident from. the face of the pleadings, the burden of proof shifts to the plaintiff. Id. If evidence is introduced, the trial court’s conclusions are |4reviewed under the manifest error/clearly wrong standard. Id. Further, “[p]eremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains the enforcement of the claim or action, rather than the one that bars enforcement should *1025 be adopted.” Id. at p. 21,16 So.3d at 1083. Bijeaux v. Broyles, 2011-830, pp. 3-4 (La.App. 3 Cir. 2/8/12), 88 So.3d 523, 526-27, reh’g denied (3/28/12), writ denied, 2012-0970 (La.6/22/12), 91 So.3d 971.
The sole issue on appeal is whether the peremptive periods established by La. R.S. 9:5606 are applicable to Ms. Sibley’s claims against BCBS. Louisiana Revised Statutes 9:5606 states, in pertinent part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
By its terms, La. R.S. 9:5606 applies only to actions for damages against an “insurance agent, broker, solicitor, or other similar licensee[.]” Louisiana Revised Statutes 9:5606 does not extend to claims against an insurer merely because those claims rely on imputing the conduct of an agent to the insurer. The language of the statute itself supports this interpretation. It is undisputed that an insurance company is neither an insurance agent, broker, solicitor, nor other similar licensee. The Louisiana Insurance Code makes a clear distinction between insurance agents and insurance companies (insurers). See Bernhard Mech. Contractors, Inc.v. St. Paul Companies, — Fed.Appx. — —, 2008 WL 3244145, at *5 (5th Cir.La.2008). Given this | sdistinction, if it was the Louisiana Legislature’s intent for the per-emptive periods established by La. R.S. 9:5606 to apply to insurance companies, the legislature could have easily included them in the statute.
Louisiana Revised Statutes 9:5606’s peremptive periods can arguably be extended to insurers in cases where the insurer’s liability arises solely from the wrongful act of their agent toward an insured. See Klein v. American Life & Cas. Co., 01-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, 531, writs denied, 03-2073 and 03-2101 (La.11/07/03), 857 So.2d 497, 499, and Halmekangas v. ANPAC Louisiana Ins. Co., 11-1293 (La.App. 4 Cir. 6/8/12), 95 So.3d 1192, 1196-97, writ denied, 12-1542 (La.10/12/12), 98 So.3d 873. To find otherwise would suggest that a plaintiff can avoid the peremptory bar of La. R.S. 9:5606 by declining to sue the insurer’s agent and simply sue the insurer. However, the case before us is distinguishable from Klein and Halmekangas in one significant aspect. In this case, the alleged wrongful act committed by the insurance agent, Mr. Arthur, was not a wrongful act committed against the insured, Ms. Sibley. Mr. Arthur’s alleged failure to include the health information disclosed to him by Ms. Sibley on the application for insurance was a wrong committed against the insurer, BCBS. In Klein, plaintiff/insured’s claims were predicated on the investment advice and representations made to plaintiff/insured by the insurance agent. In Halmek-angas, the plaintiffs claims were predicated on the insurance agent’s failure to properly inspect plaintiff/insured’s premises, resulting in plaintiff being underin-sured at the time his property was damaged.
The wrongful acts of the agents in Klein and Halmekangas were to the respective *1026 plaintiff/insured’s detriment. In the case at hand, the alleged wrongful act of the agent was to the insurer’s detriment. It was BOBS, and |f;not Ms. Sibley, who detrimentally relied on the insurance agent’s alleged misrepresentations. Louisiana Revised Statutes 9:5606 does not bar claims by an insured against an insurer where the wrongful act committed by the insurance agent was against the insurer and not the insured. Louisiana Revised Statutes 9:5606 may bar claims against an insurer where the wrongful act committed by an insurance agent was against the insured. See Klein and Halmekcmgas. Since Mr. Arthur’s alleged wrongful act was to the detriment of the insurer and not the insured, we find that the peremptive periods of La. R.S. 9:5606 do not apply to BCBS.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining BCBS’s exception raising the objection of peremption is reversed. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant-appellee, Blue Cross and Blue Shield of Louisiana.
REVERSED AND REMANDED.
KUHN, J., concurs and assigns reasons.
HIGGINBOTHAM, J. concurs in the result for reasons assigned by KUHN, J.
KUHN, J., concurs with the result.
|, Although I agree with the result reached in this appeal, I disagree with the majority’s position that the peremptive periods provided in La. R.S. 9:5606 can arguably be extended to apply to insurers. This statute by its specific terms does not provide that claims against an insurer are derivative through the insurer’s agents. It’s peremption provisions are explicit and clear, therefore, not subject to expansion of its well stated terms. Suggestion that the statutes terms could arguably be expanded lacks both statutory and/or jurisprudential support. Cases suggesting otherwise propose judicial expansion of the legislative pronouncement contained in La. R.S. 9:5606 and should be rejected (See Klein v. American Life & Cas. Co., 01-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, and Halmekangas v. ANPAC Louisiana Ins. Co., 11-1293 (La.App. 4 Cir. 6/8/12), 95 So.3d 1192.)
By its express terms, the application of La. R.S. 9:5606 is limited to actions against insurance agents, brokers, solicitors, or other similar licensees only. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute should be applied as written, and no further interpretation ^should be made in search of the intent of the legislature. La. C.C. art 9; La. R.S. 1:4; Dejoie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. See Snowton v. Sewerage and Water Board, 08-399 (La.3/17/09), 6 So.3d 164, 168. Therefore, under the plain terms of La. R.S. 9:5606, insurers are not entitled to assert the peremptive periods set forth in that provision.
For these reasons, I concur in the result reached.

. We note that BCBS disputes that Mr. Arthur is their agent.