NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-673

ARTHUR GIBSON

VERSUS

RALEIGH NEWMAN, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-2894
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty,
Judges.

AFFIRMED.

**Paul H. Spaht**
**Kantrow, Spaht, Weaver & Blitzer (APLC)**
**P. O. Box 2997**
**Baton Rouge, LA 70821-2997**
**(225) 383-4703**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Continental Casualty Company**

**James H. Gibson**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Raleigh Newman**
    **J. Lee Hoffoss, Jr.**

**R. Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Arthur Gibson**

**SAUNDERS, Judge.**

This is a case wherein a trial court granted an exception of peremption barring a former client's legal malpractice action against two attorneys and their legal malpractice insurance company. The former client also raises an issue not adjudicated by the trial court or included in his pleadings. We affirm the trial court's judgment on the exception and refuse to consider the issue improperly raised by the former client.

**FACTS AND PROCEDURAL HISTORY:**

Arthur Gibson was working for J. J. Flanagan Stevedores as a longshoreman loading 110 pound bags of rice in the hold of a ship in September 2004. While attempting to lift and throw one of the bags, he was injured on September 11, 2004.

As a result of his injuries, prior to engaging any legal counsel, Gibson began receiving regular benefits under the Longshore and Harbor Workers' Compensation Act. Thereafter, Gibson sought legal representation from Raleigh Newman. Gibson was represented by Newman in two civil actions filed against Louisiana Rice Mill, based on negligence and products liability, respectively. Gibson's claim for benefits under the Longshore and Harbor Workers' Compensation Act was handled by J. Lee Hoffoss, Jr., an associate of Newman's.

Gibson was receiving medical treatment for his injuries from Dr. Stephen I. Goldware, a neurosurgeon. On March 25, 2010, Dr. Goldware saw Gibson for a follow up examination from a neck surgery. The notes for that examination indicate that Gibson reported "feeling great and [having] no pain." After a physical examination on that date, Dr. Goldware recommended that Gibson would be "fully fit for moderate or light duty."

Given these notes, on July 9, 2010, Gibson's benefits were suspended based on suitable alternate employment located and approved by Dr. Goldware. Benefits were last paid to Gibson on July 7, 2010.[1] Notice of this suspension was sent on July 19, 2010.

Gibson's civil actions against Louisiana Rice Mill were unsuccessfully tried twice, and all appellate relief was exhausted on February 21, 2014. During the pendency of those matters, Gibson was receiving regular monthly payments from Newman in order to help with his living expenses. Thereafter, Gibson allegedly first learned that his benefits under the Longshore and Harbor Workers' Compensation Act were prescribed.

On July 21, 2014, Gibson filed a petition for damages alleging legal malpractice by Newman and Hoffoss, Jr. by failing to appeal the suspension of his benefits. Gibson amended his petition to add Continental Casualty Company as the malpractice insurance provider for defendants Newman and Hoffoss, Jr. (Continental Casualty, Newman, and Hoffoss collectively referred to as "Defendants" hereafter.)

Defendants filed an exception of peremption. On February 18, 2015, a hearing was held on Defendants' exception. At the conclusion of the hearing, the trial court granted Defendants' exception.

Gibson appeals the trial court's judgment. In this appeal, he assigns one error.

**DISCUSSION OF THE MERITS:**

Gibson asserts that the trial court erred in granting Defendants' exception of peremption. We find no merit to this assertion.

---

[1] The last payment, on July 7, 2010, was to Gibson for benefits through July 9, 2010, i.e. future benefits.

Louisiana Revised Statutes 9:5605(A) (emphasis added) states:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, *in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect*.

This court, in *Bijeaux v. Broyles*, 11-830, pp. 3-4 (La.App. 3 Cir. 2/8/12), 88 So.3d 523, 526-27, (alteration in original) stated:

> "Peremption" is defined as a period of time fixed by law for the existence of a right. La.Civ.Code art. 3458. Once a peremptive period tolls, the obligation sought to be enforced is extinguished. *Id.*
>
> . . . .
>
> An exception of peremption is considered a peremptory exception. *Rando v. Anco Insulations, Inc.*, 08-1163 (La.5/22/09), 16 So.3d 1065. The party who files the exception bears the burden of proof, unless the matter is facially barred. *Id.* In the event that peremption is evident from the face of the pleadings, the burden of proof shifts to the plaintiff. *Id.* If evidence is introduced, the trial court's conclusions are reviewed under the manifest error/clearly wrong standard. *Id.* Further, "[p]eremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains the enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Id.*, at 1083.

Here, Gibson was receiving benefits under the Longshore and Harbor Workers' Compensation Act since September 28, 2004. Under this Act, 33 U.S.C.A. 913(a)(emphasis added), states:

Time to file

Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred

unless a claim therefore is filed within one year after the injury or death. ***If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment.*** Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or death occurred. The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.

In the case before us, we must determine the date of the alleged act, neglect, or omission by Defendants that gave rise to Gibson's claim of legal malpractice. The act that Gibson contends constituted legal malpractice was Defendants' failure to file an appeal from the suspension of his benefits under the Longshore and Harbor Workers' Compensation Act.

Gibson argues, in brief, that under 33 U.S.C.A. 913(a), his claim should have been filed within one year of when he was or should have been aware of the suspension or termination of benefits, citing *Brown v. Jacksonville Shipyard, Inc.*, 893 F.2d 294 (11th Cir. 1990), and *Smith v. Aerojet-General Shipyards, Inc.*, 647 F.2d 518 (5th Cir. 1981). Thereafter, Gibson argues that "[b]enefits were last paid on July 19, 2010." He cites Defendants' Exhibit 4 for this proposition. Gibson's argument is without merit.

It is clear that Gibson was previously being paid compensation benefits for his injury without an award. It is explicitly stated in 33 U.S.C.A. 913(a) that such a claim "may be filed within one year after the date of the last payment." Defendants' Exhibit 4 lists the date of Gibson's last payment as July 7, 2010. Thus, Gibson argument and citation of Defendants' Exhibit 4 for the proposition that benefits were last paid on July 19, 2010, is completely without merit.

Moreover, neither case cited by Gibson is applicable to the issue before us. The *Brown* case deals with a situation where the employee was not aware that his injury hindered his earning power. This is the issue addressed in a different part of

4

33 U.S.C.A. 913(a) than the part relevant in the case before us. Likewise, the *Smith* case dealt with the last employer doctrine which is of no relevance to the case before us.[2]

Thus, Gibson, while being represented by Defendants, could have brought his claim for benefits under 33 U.S.C.A. 913(a) from July 7, 2010, until July 7, 2011. On July 8, 2011, which was a Friday, Gibson's legal malpractice claim against Defendants could have been brought, as this is the date of "the alleged act, omission, or neglect" in their failing to file his claim under 33 U.S.C.A. 913(a). La.R.S. 9:5605(A).

Given the date of "the alleged act, omission, or neglect" found above, i.e., July 8, 2011, under La.R.S. 9:5605(A), Gibson had to file his claim against Defendants by July 8, 2014, or it would be perempted by the three-year peremptive language of La.R.S. 9:5605(A), regardless of when Gibson became aware of the alleged acts.[3] Gibson did not file his petition for damages against Defendants until July 21, 2014. As this was not "within three years from the date of the alleged act, omission, or neglect" as required by La.R.S. 9:5605(A), the trial court correctly found that Gibson's claim against Defendants is perempted.

**ADSCITITIOUS MATTER:**

In brief, Gibson asserts that Newman failed to notify him of a settlement offer made to him during the pendency of his civil suit for settlement of those civil claims in the amount of $500,000.00. Defendants assert that this matter is not properly before this court. We agree.

Louisiana Code of Civil Procedure Article 2164 states:

---

[2] In *Smith*, the United States Fifth Circuit relieved an employee of the onerous burden of naming all employers in a suit for benefits given that those employers, except the employee's last employer, could not legally be held responsible under the last employer doctrine until all employers before it were exculpated.

[3] Gibson has made no allegations of fraud. Thus, La.R.S. 9: 5605(E) is not applicable.

5

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

An issue that is "neither raised by the pleadings nor passed upon by the trial court [] cannot be considered here for the first time since this is not a court of original jurisdiction." *Novick v. Miller*, 222 La. 469, 62 So.2d 645, 648 (1952).

This issue was raised by Gibson neither in his petition for damages nor his amendment to that petition. Further, Gibson received notice of this alleged settlement offer with more than ample time to amend his petition to include this issue. Finally, the trial court stated the following at the hearing on the exception:

> [I]t's really the appeal of the termination of benefits issue that being waived or not pursued that is the basis upon which this - - or the lawsuit was filed, actually. And I will only consider those types of things and not the issue about the - - the settlement offer or anything in terms of trial issues. It's limited to just this one issue.

As such, we will not consider this issue raised by Gibson.

## CONCLUSION:

Arthur Gibson, the plaintiff in a legal malpractice action against the Defendants, Raleigh Newman, J. Lee Hoffoss, Jr., and Continental Casualty Company, assigns one error. That assignment of error is that the trial court erred in granting Defendants' exception of peremption. We find no error by the trial court in granting Defendants' exception and affirm the trial court's judgment. We also decline to adjudicate an adscititious issue raised by Arthur Gibson that is not in his pleadings and was specifically declined to be considered by the trial court. All costs of these proceedings are assessed to Arthur Gibson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.