# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-601

**SUCCESSION OF HAZEL R. SAVOIE AND
RICHARD MICHAEL SAVOIE**

**VERSUS**

**JOHN H. CARMOUCHE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-4633
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

Lawrence N. Curtis, Esq.
Lawrence N. Curtis, LTD.
A Professional Law Corporation
300 Rue Beauregard, Building C
Post Office Box 80247
Lafayette, LA 70598-0247
(337) 235-1825
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Succession of Hazel R. Savoie
    Richard Michael Savoie

Hunter W. Lundy
T. Houston Middleton, IV
Lundy, Lundy, Soileau & South LLP
501 Broad Street
P. O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707
COUNSEL FOR DEFENDANTS/APPELLEES:
    Mudd & Bruchhaus, L.L.C.
    Chad E. Mudd, Individually

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, LA 70810
(225) 400-9991
COUNSEL FOR DEFENDANTS/APPELLEES:
    Talbot, Carmouche & Marcello
    John H. Carmouche

**Stephen C. Dwight**
**Jamie C. Gary**
**Dwight & Gary, LLC**
**1400 Ryan Street**
**Lake Charles, LA 70601**
**(337) 439-3138**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Talbot, Carmouche & Marcello**
    **John Hogarth Carmouche**

**SAUNDERS, Judge.**

This is a case pertaining to peremption under La.R.S. 9:5605. The clients signed four settlement agreements, the last of which was signed on May 7, 2015. They filed suit against the attorneys on November 9, 2017. The attorneys filed for and were granted a Peremptory Exception of Prescription and/or Peremption. The clients appeal.

## FACTUAL AND PROCEDURAL HISTORY:

Chad E. Mudd and the law firm of Mudd & Bruchhaus, L.L.C. were hired by the late Hazel R. Savoie and Richard Michael Savoie to represent them concerning a claim for damages to property they owned in Cameron Parish caused by certain oilfield operations in 2007. The contract between them had a contingency fee agreement of thirty-three and one third percent of the amount recovered. Thereafter, Mudd & Bruchhaus associated with John H. Carmouche and the law firm of Talbot, Carmouche & Marcello, A.P.L.C. on these claims (hereafter all attorneys will be referred to as "Defendants").

On August 24, 2007, suit was filed on behalf of the Savoies (hereafter "Appellants"). On November 7, 2011, the suit proceeded to a four week-long trial by jury. A verdict was returned on December 1, 2011, in favor of Appellants. While the judgment was held in abeyance due to statutory law, in March 2012, the parties entered into a new attorney-client contract wherein the contingency fees were adjusted to be forty percent.

Over the next few years, Appellants reached settlement regarding their claims on four different dates. The proceeds of those settlements were disbursed by Defendants to Appellants under the terms of the second attorney/client contract wherein Defendants retained forty percent of the settlement proceeds as attorney's fees. The date of the last disbursement signed by the Appellants was May 7, 2015.

On November 9, 2017, Appellants filed suit against Defendants stemming from Defendants' representation of them and, specifically, as to the amount Defendants retained as attorney's fees. Defendants filed a Peremptory Exception of Prescription and/or Peremption on January 3, 2018.

On May 8, 2018, the trial court heard Defendants' exception. On May 24, 2018, the trial court ruled that Appellants' claims against Defendants were legally barred under La.R.S. 9:5605. Appellants appeal, alleging seven assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption.

2. The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption, because the trial court failed to consider that the Defendants' conduct effectively prevented Plaintiffs from availing themselves of their cause of action against Defendants for the overpayment of attorneys' fees and costs.

3. The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption, because the trial court failed to consider that Plaintiffs filed their Petition within one (1) year of the date when Plaintiffs learned of their cause of action against Defendants for the overpayment of attorneys' fees and costs.

4. The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption, because the trial court failed to consider that the Defendants' damage causing conduct was continuous, cumulative, and synergistic and, in consequence, the Defendants' continuing and repeated damage causing conduct is "regarded as a single wrong which gives rise to, and is cognizable, in a single action, rather than a series of successive actions." In such a case, prescription does not begin to run until the Defendants' damage causing conduct ceases.

5. The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption,

2

because it failed to consider that the prescription/peremptive period under La. R.S. 9:5605(E) is ten (10) years when a fiduciary, like the Defendants, engages in conduct which involves either a misrepresentations [sic] of material face with the intent to suppress the truth, or refuses to speak in the face of an obligation to do so, in order to "obtain an unjust advantage."

6.  The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption, because it failed to consider that the Defendants, not only deducted and paid to themselves from the 40% contingency fee, but, in addition, quite arbitrarily and, without any legal basis whatsoever, deducted and paid to themselves, as a "statutory attorneys fee," $3,000,000.00 from the settlement funds, and burdened a $1,000,000.00 litigation expense reimbursement with a 40% contingency fee, even though the contingency fee contract between Plaintiffs and Defendants did not specifically provide that the recovery of attorneys' fees and litigation expenses pursuant to La. R.S. 30:29(E)(1) in the underlying "legacy lawsuit" belonged to the Defendants.

7.  The trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption, because [] it failed to consider that once the fiduciary relationship of client and lawyer was bound by a contingency fee contract, courts will regard, with great suspicion, contract alterations involving an increase in the lawyer's compensation as presumptively fraudulent.

## DISCUSSION OF THE MERITS:

While Appellants raise seven assignments of error, each, minus the first that is simply a generic statement opining that granting the exception was erroneous, is an argument as to why, according to Appellants, the trial court committed reversible error in granting Defendants' Peremptory Exceptions of Prescription/Peremption. As such, we will address each of the remaining six arguments under one heading.

Louisiana Revised Statutes 9:5605 states:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional

3

combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Louisiana Civil Code Article 3458 defines peremption as "a period of time fixed by law for the existence of a right." The right is extinguished once a peremptive period runs. *Id.*

An exception of peremption is considered a peremptory exception. The party who files the exception bears the burden of proof, unless the matter is facially barred. In the event that peremption is evident from the face of the pleadings, the burden of proof shifts to the

plaintiff. If evidence is introduced, the trial court's conclusions are reviewed under the manifest error/clearly wrong standard.

*Bijeaux v. Broyles*, 11-830, pp. 3-4 (La.App. 3 Cir. 2/8/12), 88 So.3d 523, 526, *writ denied*, 12-970 (La. 6/22/12), 91 So.3d 971 (citations omitted). Here, no evidence was introduced at the hearing. Accordingly, we will review this matter de novo.

It is not in dispute that the final interaction during which Defendants represented Appellants was May 7, 2015, for disbursement of settlement proceeds. Appellants filed suit on November 9, 2017, based on alleged improprieties by Defendants in disbursing settlement proceeds due to retention of excessive attorney's fees. This is more than "one year from the date of the alleged act, omission, or neglect." La.R.S. 9:5605(A). Thus, under La.R.S. 9:5605(A), Appellants' petition is preempted on its face. As such, it is incumbent on Appellants to produce evidence that their claims against Defendants are not preempted under La.R.S. 9:5605(A). Appellants produced no evidence at the hearing. As such, the trial court found that Appellants did not carry their burden.

On appeal, Appellants first argue that Defendants' conduct effectively prevented them from availing themselves of their cause of action. Appellants presented no evidence at the hearing or on appeal of any conduct by Defendants prevented them from filing suit.

Second, Appellants argue that their claims are not preempted under La.R.S. 9:5605 because their petition demonstrates that they filed suit within one year of actually discovering that Defendants had engaged in a series of wrongful acts. This argument lacks merit because the language of La.R.S. 9:5605(A) (emphasis added) states the action must be brought "within one year from the date that the alleged act, omission, or neglect is discovered or *should have been discovered*." Here,

5

Appellants' last relevant interaction with Defendants occurred on May 7, 2015. It involved Appellants signing a final settlement disbursement agreement that states:

> I acknowledge that I have reviewed the above and foregoing and the attached expense breakdown. I further acknowledge that I am satisfied that the figures contained therein are correct, that my representation by TALBOT, CARMOUCHE & MARCELLO and MUDD & BRUCHHAUS, LLC has been satisfactory, and that I have received the full amount of my net settlement as reflected above.

Thus, a reasonable person could have ascertained that he or she had a claim regarding improper retention of settlement proceeds on May 7, 2015. Appellants do not contend that Defendants hid anything in the paperwork signed on that date. Nor do they contend with any specificity that Defendants defrauded them. Any potential claim of Appellants was readily apparent on that date, and failure to research whether a claim existed on that date is solely incumbent upon Appellants if they were dissatisfied with the representation provided by or retention of attorney's fees by Defendants.

Next, Appellants contend that their claims are not perempted because Defendants' conduct was a continuing tort. They base this contention on the fact that Defendants improperly retained attorney's fees on four separate occasions: March 28, 2012; September 4, 2013; December 4, 2014, and; April 30, 2015. This contention lacks merit.

> The continuing tort doctrine provides that "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated." *S. Cent. Bell Tel. Co. v. Texaco, Inc.*, 418 So.2d 531, 533 (La.1982). "A continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Crump v. Sabine River Auth.*, 98-2326, p. 9 (La.6/29/99), 737 So.2d 720, 728. When the tortious conduct is continuous and gives rise "to successive damages, prescription dates from cessation of the wrongful conduct causing the damage." *S. Cent. Bell Tel. Co.*, 418 So.2d at 533.

*Ned v. Union Pacific Corp.*, 14-1310, p. 5 (La.App. 3 Cir. 4/15/15), 176 So.3d 1095, 1100-01.

Therefore, even assuming that these four dates are a single continuing tort, the latest incident of Defendants' alleged improper conduct is May 7, 2015. As stated above, suit was filed more than one year from this date. Accordingly, even if the continuing tort doctrine would apply here, Appellants' claims are perempted by La.R.S. 9:5605(A).

Appellants next contend that the March 2012 contract wherein Defendants' contingency attorney's fees were raised from 33 and 1/3 percent to 40 percent is void ab initio. We find no merit to this contention.

While Appellants cite literature on the issue which opines that such occurrences are looked at with great scrutiny, they cite no case that stands for the proposition that a subsequent contract between attorney and client modifying attorney's fees is null regardless of the circumstances that surround the contract. Moreover, any action to void the subsequent contract is subject to peremption under La.R.S. 9:5605(A). Appellants did not file suit until November 9, 2017. They were fully aware of the contents of the subsequent contract they signed in March of 2012. Thus, any action on this contract is perempted 3 years later, in March of 2015.

Another argument raised by Appellants is that their claims are not perempted because their claims belong under La.R.S. 9:5605(E) where the peremptive period is ten years when a fiduciary engages in fraud. This argument is meritless for two reasons.

Louisiana Civil Code Article 1953 states, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." Louisiana Code of Civil Procedure Article 856 states, "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall

be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally."

The supreme court, in *Lomont v. Bennett*, 14-2483, p. 19 (La. 6/30/15), 172 So.3d 620, 634, *cert. denied*, ___ U.S. ____, 136 S.Ct. 1167 (2016), stated, "[s]pecific intent to deceive is a necessary element of fraud, and fraud cannot be based on mistake or negligence, regardless how great." First, Appellants did not allege or put forth any evidence that Defendants had the specific intent to deceive them. Rather, Appellants allege that Defendants improperly retained attorney's fees under a second contract it incorrectly claims should be void as a matter of law. However, the Defendants did not hide the fact that they were retaining these allegedly improper attorney's fees, and Appellants signed four different settlement proceed disbursements with the amount Defendants were retaining as attorney's fees spelled out quite clearly. Thus, we find that Appellants did not properly plead or present any evidence of fraud as defined in La.Civ.Code art. 1953.

Moreover, even if Appellants properly pled and established that fraud transpired pursuant to La.R.S. 9:5605(E) and La.Civ.Code art. 1953, its legal malpractice claim against Defendants would be governed by the one-year prescriptive period set forth in La.Civ.Code art. 3492, not ten years as Appellants contend. The one-year prescriptive period set forth in La.Civ.Code art. 3492 commences to run from the day injury or damage is sustained. *Lomont*, 172 So.3d 620. The latest day Appellants knew or should have known that they suffered injury or damage is May 7, 2015. Thus, their claims would prescribe under La.Civ.Code art. 3492 on May 7, 2016. Appellants did not file suit until November 9, 2017.

Finally, Appellants assert that it was improper for Defendants to take a statutory attorney's fee as well as a contingency attorney's fee. This assertion goes to the merits of the claims. These claims were dismissed via peremption, and the

merits of the claims are not reached. Thus, this assertion is irrelevant to the matter before us.

## CONCLUSION:

The Succession of Hazel R. Savoie and Richard Michael Savoie raise seven assignments of error. Each assignment argues why the trial court committed reversible error in granting John H. Carmouche, individually, and Talbot, Carmouche & Marcello, a Professional Law Corporation, and Chad E. Mudd, individually, and Mudd & Bruchhaus, L.L.C.'s Peremptory Exceptions of Prescription/Peremption. We find no merit to any of these assigned errors or arguments. As such, we affirm the trial court finding that the matter is perempted under La.R.S. 9:5605. Costs of this appeal are assessed to the Succession of Hazel R. Savoie and Richard Michael Savoie.

**AFFIRMED.**