# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-418

DAXTREME, INC. AND T CON M, LLC

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20180057, DIVISION D
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville
Wilson, Judges.

AFFIRMED.

**Kay A. Theunissen**
**MAHTOOK & LAFLEUR**
**600 Jefferson Street, Suite 1000**
**Lafayette, Louisiana 70501**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Lafayette Consolidated Government**

**G. Benjamin Ward**
**Lawrence G. Pugh, III**
**PUGH ACCARDO**
**1100 Poydras Street, Suite 3300**
**New Orleans, Louisiana 70163**
**(504) 799-4725**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Lafayette Consolidated Government**

**Seth A. Schmeeckle**
**Heather N. Sharp**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
**9311 Bluebonnet Boulevard, Suite A**
**Baton Rouge, Louisiana 70810**
**(504) 568-1990**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:**
**Hartford Accident and Indemnity Company**

**John P. Barron**
**Donovan J. O'Pry, II**
**O'PRY LAW FIRM**
**2014 West Pinhook Road, Suite 507**
**Lafayette, Louisiana 70508**
**(337) 415-0007**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Daxtreme, Inc. and T Con M, LLC**

**P. Andrew Rabalais, Jr.**
**PERRET DOISE, LLC**
**1301 Camelia Boulevard, Suite 400**
**Lafayette, Louisiana 70508**
**(337) 593-4900**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Daxtreme, Inc. and T Con M, LLC**

**Brent J. Carbo**
**MUSGAVE, MCLACHLAN & PENN, LLC**
**1515 Poydras Street, Suite 2380**
**New Orleans, Louisiana  70112**
**(504) 799-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Certain Underwriters at Lloyd's, London Who Subscribed to Policy**
    **Number CLICCF 15472**

**WILSON, Judge.**

Defendant, Lafayette Consolidated Government (LCG) appeals the trial court's grant of the motion for summary judgment filed by Third-Party Defendant, Hartford Accident and Indemnity Company (Hartford). The judgment dismissed all of LCG's claims, including its claims for pre-judgment defense costs, against Hartford, finding that they were perempted pursuant to La.R.S. 9:2772. For the reasons that follow, we affirm the trial court's ruling.

I.

## ISSUES

In this case, we must decide whether La.R.S. 9:2772 applies to insurers with respect to a claim for additional insured status and whether a final judgment should have been rendered dismissing all of LCG's claims against Hartford as perempted.

II.

## FACTS AND PROCEDURAL HISTORY

The Downtown Development Authority of the City of Lafayette started a project known as the Lafayette Centre Core Area Streetscape Improvements Project (the Project). As part of the Project, the Lafayette Centre Development District and the Downtown Development Authority of the City of Lafayette, entered into an agreement for professional services with Sasaki Associates, Inc. (Sasaki), a landscape architect firm, on October 13, 1989. On August 21, 1991, LCG's predecessor in interest, the City of Lafayette, entered into an agreement for professional services (the Agreement) with Sasaki to fix the scope and limits of the Project. The August 21, 1991 agreement provided that "the City of Lafayette, its officials and employees shall be named as additional insureds in the commercial general liability policy" obtained by Sasaki in connection with the Project. The

Agreement provided that the insurance requirement would continue for the life of Agreement, but the Agreement itself did not include a term.

On June 9, 1997, a Notice of Acceptance of Public Contract as Substantially Complete (the Notice) was signed by the president of Lafayette City-Parish Consolidated Government and filed with the Clerk of Court in Lafayette Parish. The Notice indicated that effective May 21, 1997, the Project was substantially complete.

As part of the Project, cypress trees were planted along Jefferson Street in Lafayette. Plaintiffs, T. Con M, LLC and Daxtreme, Inc.,[1] are the owner and lessee, respectively, of the building located at 324 Jefferson Street, which houses City Bar World Famous Saloon. On January 4, 2018, Plaintiffs filed suit against LCG and Certain Underwriters at Lloyd's, London Who Subscribed to Policy Number CLICCF 15472. The petition alleged that as the cypress trees grew, their roots grew underneath and through the foundation of Plaintiffs' building. Plaintiffs further alleged that the roots caused damage to the building, requiring the removal of the foundation and the rebuilding of the structure, and destroyed the value of the business they operated there.

Based on the Agreement, LCG tendered its defense to Sasaki. On December 16, 2019, LCG filed a third-party demand against Hartford, alleging that LCG was an additional insured on the commercial general liability policy issued by Hartford to Sasaki. The policy issued by Hartford bears policy number 08UUNAX4732 and has an effective period from January 1, 2017, through January 1, 2018. Hartford issued a supplemental coverage letter on September 23, 2020, in which Hartford

---

[1] Both Daxtreme and T Con M are owned by Brandon Hargrave and Connie Hargrave.

agreed to defend LCG under a reservation of rights. Sasaki was not named as a third-party defendant.

On October 7, 2020, Hartford filed a motion for summary judgment alleging that "any obligation arising under the 1991 Agreement for Professional Services was perempted five years from the date of acceptance of the Project, including Sasaki's alleged obligation to name LCG as an additional insured on its liability policy" pursuant to La.R.S. 9:2772. LCG opposed Hartford's motion for summary judgment, arguing that La.R.S. 9:2772 does not apply to insurers and/or additional insured claims.

Following a hearing, the trial court took the matter under advisement. On April 6, 2021, the trial court signed a judgment granting Hartford's motion for summary judgment. Because the April 6, 2021 judgment lacked decretal language, Hartford filed a motion to amend the judgment and/or a motion for new trial. On April 21, 2021, the trial court signed an amended judgment, which granted Hartford's motion for summary judgment and dismissed all claims asserted by LCG against Hartford in LCG's third-party demand. This appeal followed.

### III.

### <u>STANDARD OF REVIEW</u>

"Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary judgment." *Hogg v. Chevron USA, Inc.*, 09-2632, 09-2635, p. 6 (La. 7/6/10), 45 So.3d 991, 997 (footnote omitted). When "peremption is raised through a motion for summary judgment, the appellate court conducts a de novo review using the same criteria used by the district court in determining whether summary judgment is appropriate." *Lagneaux v. Galloway Jefcoat, LLP*, 19-871, p. 3 (La.App. 3 Cir.

3

6/3/20), 298 So.3d 281, 284–85.  "A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law." *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945.

## IV.

## LAW AND DISCUSSION

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."  La.Civ.Code art. 3458.  Peremption is not subject to renunciation, interruption, or suspension.  La.Civ.Code art. 3461.

The relevant portions of La.R.S. 9:2772 (emphasis added) read:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against **any person** performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
>
> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

4

. . . .

> C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

The crux of LCG's argument is that "[p]eremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Rando v. Anco Insulations, Inc.*, 08-1163, p. 21 (La. 5/22/09), 16 So.3d 1065, 1083. LCG argues that La.R.S. 9:2772 does not mention either insurers or claims regarding additional insureds and, therefore, applies only to persons performing professional services, such as Sasaki.

LCG cites *Sibley v. Blue Cross Blue Shield of La.*, 13-924, 13-925 (La.App. 1 Cir. 3/20/14), 142 So.3d 1022, for the proposition that under the principles of strict construction, a peremptive statute is not applicable to an insurer if the statute does not include them in its definitions. Sibley obtained a Blue Cross health insurance policy through an agency, but her policy was cancelled because she failed to disclose pre-existing conditions on her application. Sibley filed suit against Blue Cross for wrongfully cancelling her policy and against the agent for inaccurately filling out the application. Sibley contended that she verbally disclosed her pre-existing conditions to the agent but did not note them on her application. The court found that Sibley's claims against her agent were perempted under La.R.S. 9:5605 but that the statute did not apply to her claims against the insurer, Blue Cross. The court said:

> By its terms, La.R.S. 9:5606 applies only to actions for damages against an "insurance agent, broker, solicitor, or other similar licensee[.]"

5

> Louisiana Revised Statutes 9:5606 does not extend to claims against an insurer merely because those claims rely on imputing the conduct of an agent to the insurer. The language of the statute itself supports this interpretation. It is undisputed that an insurance company is neither an insurance agent, broker, solicitor, nor other similar licensee. The Louisiana Insurance Code makes a clear distinction between insurance agents and insurance companies (insurers). Given this distinction, if it was the Louisiana Legislature's intent for the peremptive periods established by La. R.S. 9:5606 to apply to insurance companies, the legislature could have easily included them in the statute.

*Id.* at 1025 (citations omitted).

We do not think that *Sibley* can be as broadly construed as argued by LCG. And we also note that La.R.S. 9:2772 was enacted to protect "contractors from liability for past construction projects that could extend for an indefinite period of time." *Thrasher Const., Inc. v. Gibbs Residential, LLC*, 15-607, p. 9 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 290, *writ denied*, 16-1453 (La. 11/15/16), 209 So.3d 779. Furthermore, *Sibley* is readily distinguishable because it involves a statute that is specifically applicable to insurance agents. Blue Cross was the plaintiff's own insurer rather than the agent's insurer.

Hartford cites *Vicari v. Window World, Inc.*, 14-870 (La.App. 5 Cir. 5/28/15), 171 So.3d 425, *writ denied*, 15-1269 (La. 9/25/15), 178 So.3d 570, for the proposition that the five-year peremptive period found in La.R.S. 9:2772 applies to a third-party demand against a general contractor and its insurer. In *Vicari*, the plaintiffs entered into a contract with Window World for the installation of custom windows in their home. After the windows leaked and caused damage to the plaintiffs' home, Window World arranged for repairs, which were completed in August of 2010. The plaintiffs alleged that two years after those repairs, the windows again leaked and caused further damage to their home. The plaintiffs filed suit against Window World on April 8, 2013. In response, on September 30, 2013,

Window World filed a third-party demand against various independent contractors that it hired to install the windows in the plaintiffs' home. In the third-party demand, Window World alleged that it qualified as an additional insured under the installer's insurance policies and that the installers and their insurers were obligated to defend and indemnify Window World for the claims asserted by the plaintiffs in the main demand. Several installers and their insurers filed exceptions of peremption based on La.R.S. 9:2772 and alleged that Window World's third-party demand was perempted because it was not brought within five years of the date of the installation completion certificate issued to the plaintiffs on June 27, 2008. The fifth circuit found: "that under a plain reading of La.R.S. 9:2772, Window World's installation contracts fall squarely within the statute, and that the trial court did not err in applying the five-year peremptive period provided therein to Window World's third-party demand against the installers and their insurers for indemnity and contribution." *Id*. at 435.

LCG argues that *Vicari*, 171 So.3d 435, is distinguishable because unlike Window World, Sasaki, the contractor who agreed to defend/indemnity LCG and name LCG as an additional insured on its insurance policy, is not a party to this suit and because LCG is not seeking contractual defense and indemnity under the Agreement but is instead seeking additional insured status from Hartford. LCG contends that the court in *Vicari* only mentions the concept of an additional insured claim in passing. This court, however, notes that the fifth circuit in *Vicari* was clear in its finding that the peremptive period found in La.R.S. 9:2772 applies to claims against insurers.

Furthermore, had Sasaki been made a third-party defendant, it would have been able to assert peremption pursuant to La.R.S. 9:2772. In *Marsh Engineering,*

7

*Inc. v. Parker*, 04-509, p. 12 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119, 1127, *writ denied*, 04-2669 (La. 1/28/05), 893 So.2d 73 (citations omitted), the court stated:

> an immunity which denies the plaintiff a cause of action is not personal to an insured and may be invoked by his insurer. A peremptive statute totally destroys the previously existing right with the result that, upon the expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced.

Accordingly, because peremption is not a defense that is personal to the insured and therefore unavailable to the insurer, Hartford may avail itself of the same peremption defense that Sasaki, as its insured, could assert if it was a party. *See Shields v. Alvin R. Savoie & Assoc., Inc.*, 16-827, p. 3 (La.App. 1 Cir. 2/17/17), 217 So.3d 420, 421, *writ denied*, 17-506 (La. 5/19/17), 220 So.3d 750, wherein the court noted that: "since Savoie Construction had a valid defense of statutory peremption under the Louisiana New Home Warranty Act (NHWA), then by extension and operation of law, that defense was available to Savoie Construction's liability insurer."

Having determined that the five-year peremptive period provided in La.R.S. 9:2772 is applicable, this court must now determine whether the trial court correctly entered a summary judgment dismissing all of LCG's claims, including those for pre-judgment defense costs, against Hartford. LCG does not dispute that the project was accepted as substantially complete upon the filing of the Notice on June 9, 1997, over twenty-two years before the third-party demand was filed. Although the Agreement did not have a specific term, the Agreement provided that Sasaki maintain $500,000.00 in commercial general liability coverage and name LCG as an additional insured thereon for the life of the Agreement. Because LCG is not a party to the insurance contract, it is only entitled to a defense and indemnity from Hartford to the extent that LCG qualifies as an additional insured under the Hartford policy. The Hartford policy provides, in pertinent part, that:

The following person(s) or organization(s) are an additional insured when you [Sasaki] have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

A person or organization is an additional insured under this provision only for that period of time required by the contract or agreement. However, no such person or organization is an insured under this provision if such person or organization is included as an insured by an endorsement issued by us and made a part of this Coverage Part.

. . . .

With respect to the insurance afforded to these additional insured, this insurance does not apply to:

> "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render any professional architectural, engineering or surveying services, including . . .

In opposing the motion for summary judgment, it was incumbent upon LCG to come forward with a valid contract requiring them to be named as an additional insured on the relevant Hartford policy. *See Maroulis v. Entergy LA, LLC*, 20-298 (La.App. 5 Cir. 2/10/21), 315 So.3d 372, and *Tunstall v. Stierwald*, 01-1765 (La. 2/26/02), 809 So.2d 916. LCG failed to do so. The Agreement is unsigned, and any obligation that Sasaki had to name LCG as an additional insured under the agreement has been extinguished by the passage of five years from June 9, 1997, the date that LCG accepted the Project as completed as evidenced by the filing of the Notice with the Clerk of Court in Lafayette Parish.

With respect to LCG's argument that its claim for pre-judgment defense costs should not have been dismissed because the issue remains unresolved, we find no error in the trial court's ruling. Because Sasaki's obligation to name LCG as an additional insured was preempted before LCG filed its third-party demand against

Hartford, Hartford did not have a duty to defend LCG as an additional insured in this litigation.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the trial court's judgment. All costs of this appeal are assessed to Appellant, Lafayette Consolidated Government.

**AFFIRMED.**